IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BOBBY E. BURTON, Jr.,**

   **Plaintiff,**

  v.        CASE NO. 14-3065-SAC

**PAM PACE,**

   **Defendant.**

### O R D E R

  This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983. Plaintiff is a Texas state prison inmate confined at Coffield Unit, Tennesee Colony, Texas. The court designates Mr. Burton as a three-strikes litigant, denies his motion for Leave to Proceed without prepayment of fees, and gives him time to pay the filing fee of $400.00 in full or this action will be dismissed.

### **FILING FEE**

  Plaintiff has submitted a Motion for Leave to Proceed without Prepayment of Fees. This motion is deficient in that he has not provided "a certified copy of his inmate trust fund account for the six-month period immediately preceding the filing of his complaint" as required by 28 U.S.C. § 1915(a)(2). Ordinarily, the court would require Mr. Burton to provide his account statement before this action could proceed. However,

1

having reviewed Mr. Burton's litigation history, the court finds that he qualifies for designation as a three-strikes litigant. Accordingly, his motion to proceed without prepayment of fees is denied.

**THREE STRIKES DESIGNATION**

Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* When a prisoner has previously filed three or more "action[s]" in federal court, which resulted in "dismiss[als] on the grounds that [they were] . . . frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g), the prisoner has "'struck out' from proceeding IFP in a new civil action or appeal." *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011)(quoting *Smith v. Veterans Admin.*, 636 F.3d 1306, 1308-09 (10th Cir. 2011)); see *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001)("[T]he three strikes provision of the ifp statute applicable to indigent prisoners[ ] requires so-called frequent filer prisoners to prepay the entire filing fee before federal courts may consider

their civil actions and appeals." (quoting *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998))(internal quotation marks omitted)).

The court takes judicial notice of other cases filed by Mr. Burton in federal district courts and determines that he qualifies as a three-strikes litigant under Section 1915(g). Federal court records reflect that he has filed three cases in the United States District Court for the Eastern District of Texas and one in the United States District Court for the Western District of Wisconsin that were dismissed as frivolous, malicious, or for failure to state a claim for relief. The specific cases identified by this court as the basis for this designation are as follows. In *Burton v. Wilder*, Civil Action No. 6:10-cv-00328-LED-JDL (E.D. Tex. Tyler Div. Mar. 14, 2011), Mr. Burton challenged his "continued confinement to administrative segregation" where he was placed after "a fight with another inmate who died as a result." *Id.* (Doc. 14) at *1. The action was dismissed "with prejudice as frivolous and for failure to state a claim upon which relief may be granted." *Id.* at *2. In *Burton v. Inmate Trust Fund*, Civil Action No. 6:13-cv-00348-MHS-KNM (E.D. Tex. Tyler Div. August 22, 2013), Mr. Burton complained of a hold put on his inmate trust fund account "some thirteen years prior to the filing" of this civil rights lawsuit. The action was dismissed "with prejudice as frivolous

3

and for failure to state a claim upon which relief may be granted." In *Burton v. Inmate Trust Fund*, Civil Action No. 6:13-cv-00776-JDL (E.D. Tex. Apr. 23, 2014), plaintiff brought the same claim as in Case No. 6:13-cv-00348, and it was found that "Burton had previously litigated the issue." The action was dismissed "with prejudice as frivolous and malicious." *Id.* at *2. In *Burton v. Inmate Trust Fund*, Case No. 13-cv-00292-wmc (W.D. Wisc. May 2, 2013), the court found that Burton had no connection to the Western District of Wisconsin and "had already filed an identical lawsuit against the same defendant" in the Eastern District of Texas. The court found that since the complaint duplicated another previously filed action, it was "subject to dismissal pursuant to 28 U.S.C. § 1915A(b) as "malicious." *Id.* at *1.

As a three-strikes litigant, Mr. Burton is now required to "pay up front for the privilege of filing . . . any additional civil actions" unless he can show "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Jennings v. Natrona County Detention Center*, 175 F.3d 775, 778 (10th Cir. 1999); *Stine v. U.S. Federal Bureau of Prisons*, 465 Fed.Appx. 790, 792-93 (10th Cir. 2012). "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make specific, credible allegations of imminent danger." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir.

4

2011)(quoting *Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001))(internal quotation marks omitted); *White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998)(Allegations in the complaint of "imminent danger" must not be "vague and utterly conclusory."). Mr. Burton makes no allegation of imminent danger within his complaint or his motion. His only claim is that he was "denied" certain medication and "medical boots". For a prisoner to allege a claim of medical deliberate indifference for purposes of overcoming the statutory three-strikes hurdle, "he should make a 'specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion.'" *Hafed*, 635 F.3d at 1180 (quoting *White*, 157 F.3d at 1232). In addition, he must identify the "general nature of 'the serious physical injury' he asserts is imminent." *White*, 157 F.3d at 1232.

The sparse facts alleged by plaintiff in his complaint are too vague and conclusory to suggest that he is in imminent danger of serious physical injury. Accordingly, the court finds that Mr. Burton may proceed in this action only if he pays upfront the full filing fee of $400.00 for this civil action.

## **COMPLAINT FAILS TO STATE CLAIM**

The court additionally finds that the complaint filed herein fails to state a claim upon which relief may be granted.

5

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

The only defendant named in the instant complaint is Pam Pace, a citizen of Tennessee Colony, Texas, whom plaintiff vaguely describes as "employed as Practice Manager." Plaintiff presents no facts to suggest that this court has personal jurisdiction over this defendant. It follows that the court has no authority to grant injunctive relief against defendant Pace. Furthermore, the only facts alleged by plaintiff in the entire complaint are that defendant denied him treatment he claims to need, namely Benadryl and "medical boots." Plaintiff does not allege that the particular over-the-counter medication or the boots had been prescribed by a medical professional. Nor does he describe any serious symptoms he exhibited that even a lay person would recognize as warranting the denied treatment, when and where he sought the specific treatments from defendant, or what response he received from defendant that amounted to a constitutional violation. The court finds that plaintiff fails

6

to allege sufficient facts to state a federal constitutional claim. Consequently, if Mr. Burton pays the filing fee in full, he must cure the deficiencies in his complaint in order to avoid its dismissal upon screening for failure to state a claim.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is hereby designated a three-strikes litigant, and his application for Leave to Proceed without Prepayment of Fees (Doc. 2) is denied as a result.

**IT IS FURTHER ORDERED** that plaintiff is granted twenty (20) days in which to submit the $400.00 filing fee in full. His failure to pay the full fee within the prescribed time will result in dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated this 6th day of May of 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U.S. Senior District Judge**